UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                CASE NUMBER: 06-20325
                                        HONORABLE VICTORIA A. ROBERTS

v.

**RODNEY GEORGE DAVIS,**

        Defendant.
_____/

**OPINION AND ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Rodney George Davis's ("Defendant") Motion to Suppress. Magistrate Judge Virginia Morgan issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). She recommends that the Court deny the motion. Defendant timely filed objections; the Government did not.

The Court held a hearing on February 14, 2007, and reviewed the file, the record, and Judge Morgan's report and recommendation. For the reasons stated, the Court **REJECTS** her recommendation.

**II.    BACKGROUND**

The Government indicted Defendant as a Felon in Possession of a firearm, pursuant to 18 U.S.C. § 933(g)(1). Federal agents seized the firearm while executing a search warrant at 18196 Goldwin Street, Southfield, MI ("Goldwin Street").

In 2005, Edward Dosch, a Special Agent with the Drug Enforcement Administration, received information from three confidential informants (CIs) that

Defendant and an associate, Michael Cathey, were involved in a large-scale marijuana and cocaine trafficking operation. Agent Dosch began an investigation into these alleged activities. The information included was that defendant resided at Goldwin Street.

A federal magistrate judge issued the search warrant on May 2, 2006 authorizing a search of Defendant's residence based on a sworn affidavit submitted by Agent Dosch. The warrant authorized a search for weapons, currency, and other indicia of drug trafficking activities. The search uncovered a Llama X45 pistol and a box of .45 caliber ammunition from a dresser drawer in the master bedroom of the home. Later that day, Defendant was charged.

Defendant's suppression motion argues a lack of probable cause.

### III.   ARGUMENTS

### A.   Report and Recommendation

The Magistrate found that although the affidavit failed to establish probable cause to search the identified premises, the good faith exception articulated in *United States v. Leon*, 468 U.S. 897 (1984), applied.

### B.   Defendant's Objections

Defendant contends that the *Leon* good faith exception is inapplicable based on the information in the affidavit because no reasonable officer would have objectively believed that there was probable cause to search Goldwin Street. Further, Defendant argues that *United States v. Miggins*, a case the Government relies upon, is distinguishable. Defendant asserts that in *Miggins*, the agents verified that the

defendant was currently involved in drug trafficking and the residence searched was verified to be the defendant's address. That was not done here.

Relying on a recent unpublished Sixth Circuit opinion, *United States v. Lester*, 184 Fed.Appx. 486 (6th Cir. 2006), Defendant also argues that no reasonable officer would have objectively believed that there was probable cause to search because there was no proof that Defendant resided at Goldwin Street or was currently trafficking drugs. Further, Defendant contends that there were no instances of illegal activity noted at Goldwin Street and the claims of the confidential informants were not fully corroborated. Defendant reiterates the Magistrate's finding that the agents never personally observed Defendant at Goldwin Street, nor did they provide specific dates and times concerning surveillance conducted at the premises.

Defendant argues that a reasonably prudent officer would have sought greater corroboration to show probable cause, and therefore, the agent's reliance on the search warrant was not objectively reasonable.

**C.    Government's Arguments**

The Government did not file a response to the Magistrates report. In its response to Defendant's motion, however, the Government contends that the affidavit on which the search was based contained sufficient information to support probable cause. In the alternative, the Government argues that even if the warrant was issued in error, the agents relied in good faith and, therefore, the seizure of the weapon is subject to the good-faith exception to the exclusionary rule, as established in *Leon*.

**IV.    ANALYSIS**

### A. Probable Cause

Neither party objects to the Magistrate's finding that there was not probable to support issuance of the warrant to search Goldwin Street. The Court adopts this finding.

### B. Leon Good Faith Exception

The Fourth Amendment to the United States Constitution mandates that there be a reasonable, probable connection between the place to be searched, and the persons or things to be seized. U.S. CONST. AMEND. IV.

While evidence seized pursuant to a search that violates the Fourth Amendment is excludable at trial, in *United States v. Leon*, the Supreme Court articulated an exception to this exclusionary rule. 468 U.S. 897 (1984). *Leon* modified the exclusionary rule "so as to not bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." *Id.* at 905.

The Court's rationale stemmed from the premise that the exclusionary rule is a judicially created remedy for deterring police misconduct and Fourth Amendment violations, and therefore, it should not be applied to instances where a constitutional violation arose out of an officer's reliance on a magistrate's approval of a warrant that the officer believed was supported by probable cause. *United States v. Frazier*, 423 F.3d 526, 533 (6th Cir. 2005).

The Supreme Court carved out four circumstances where the evidence would be excluded:

(1) where the warrant issued on the basis of an affidavit that the affiant

> knows (or is reckless in not knowing) contains false information; (2) when the issuing magistrate abandons his neutral and detached role and serves as a rubber stamp for police activities; (3) when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable; and (4) when the warrant is so facially deficient that it cannot reasonably be presumed to be valid.

*United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005).

Allthough Defendant argues three of the exceptions apply, the Court finds that the critical issue is whether the warrant is so lacking in indicia of probable cause and facially deficient that it was unreasonable for Agent Dosch to search Goldwin Street.

The Government contends that Agent Dosch's reliance on the warrant was reasonable because: (1) Defendant has three prior convictions and was arrested on November 9, 2004 for felony possession of drugs; 2) DEA-2 advised that Defendant "lived" at Goldwin Street; 3) DEA-3 advised that defendant had provided the funds to purchase the residence and Defendant's girlfriend was named Bridget; 4) property records indicated that the title owner of the residence is an individual named Bridget Huddleston; 5) agents conducting surveillance at Goldwin Street observed vehicles associated with Defendant at the house at various times over the course of several weeks; and 6) Agent Dosch's experience that drug dealers usually store evidence where they live.

In support of his argument that these allegations are insufficient to apply the good-faith exception, Defendant cites *United States v. Lester*, 184 Fed.Appx. 486 (6th Cir. 2006) and *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996).

In *Lester*, a warrant was authorized to search the defendant's residence based on an affidavit that stated the defendant had been involved in a drug trafficking

5

organization with his brother. *Lester*, 184 Fed. Appx. at 488. The defendant's brother had been arrested numerous times for various crimes and a confidential informant stated that defendant's brother was her drug supplier. *Id.* The affidavit notes that the defendant was arrested for cultivating marijuana eleven years earlier. *Id.*

The only current allegation in the affidavit that referenced the defendant stated the defendant's brother instructed a police informant to take drug money to the defendant's residence, where an individual would pick it up. *Id.* at 489. Upon execution of the search warrant, officials found an automatic machine gun.

The district court denied a motion to suppress. The Sixth Circuit reversed, finding that the affidavit presented to the magistrate "consisted in large part of irrelevant facts that provide no indication whatsoever of illegal activity at Lester's residence." *Id.* Further, the Court held that no reasonable officer could have believed there was probable cause to search the defendant's residence based on a ten year old drug related arrest, unsubstantiated statements about his involvement in drug trafficking, and allegations that related only to his brother and not him. *Id.* at 494.

Similarly, in *Weaver*, the Sixth Circuit held that the *Leon* good faith exception did not apply when an affidavit is based on little firsthand information and no personal observations. *Weaver*, 99 F.3d at 1380. In *Weaver*, a previously known and reliable confidential information advised a detective that during a controlled drug transaction he purchased drugs from the defendant's residence. *Id.* at 1375. Although aware of the transaction, the police did not conduct surveillance of the transaction. *Id.* Moreover, the detective took no additional steps to corroborate the informant's story. Based on this information, the detective prepared an affidavit and obtained a warrant to search the

defendant's residence. *Id.*

In reversing the district court, the Sixth Circuit stated that "the threshold question is one of reasonableness: whether the 'reliance on the validity of the warrant was objectively reasonable, that is, 'whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization.'" *Id.* at 1380. The Court found that the detective's reliance was not objectively reasonable because the affidavit was "bare bones," and a more prudent officer would have sought greater corroboration to show probable cause. *Id.* at 1381.

The facts of *Lester* and *Weaver* are similar to this case. As pointed out by the Magistrate, the affidavit is devoid of any specific instances of illegal activity involving defendant except a lone reference by DEA-2 that he observed Defendant packaging marijuana and cocaine with Cathey and multiple kilograms of cocaine inside the Cooley residence in July 2005. Moreover, the affidavit fails to create a sufficient nexus between these alleged activities and Goldwin Street.

The affidavit indicates that DEA-2 informed Agent Dosch that Defendant lived at Goldwin Street and drove a Corvette, Dodge Charger, and a Chevrolet pickup. While the affidavit states that agents observed vehicles matching these descriptions at Goldwin Street, the affidavit does not state Defendant owned those vehicles. The affidavit also does not indicate when the agents conducted their surveillance, raising the possibility that the information was stale. *See United States v. Spikes*, 1598 F.3d 913, 923 (6th Cir. 1998). What is more, no agent appears to have personally observed Defendant at Goldwin Street.

A search of the property records revealed that the title owner was an individual

7

named Bridget Huddleston. DEA-3 informed Agent Dosch that Defendant's girlfriend was named Bridget, that she had no known source of income, and that Defendant provided the funds to purchase the home. However, Agent Dosch did not seek greater corroboration or conduct an independent investigation to show a fair probability that Defendant actually resided at Goldwin Street at the time the warrant was issued.

"The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *United States v. Frazier*, 423 F.3d 526, 533 (6th Cir. 2005). Moreover, "the allegation that a defendant is a drug dealer, without more, is insufficient to tie the alleged criminal activity to the defendant's residence." *Id.* (citing *United States v. Savoca*, 761 F.2d 292, 295 (6th Cir. 1985).

Here, the information tying Defendant to Goldwin Street was not only vague and conclusory, but was not independently verified. Although there are cases where the Sixth Circuit found that probable cause did not exist, but applied *Leon* nonetheless because there was a modicum of evidence, however slight, to connect the criminal activity described in the affidavit to the place to be searched, those cases are inapposite.[1]

Here, the evidence presented in the warrant and affidavit does not connect the

---

[1] *United States v. Laughton*, 408 F.3d 744, 749 (6th Cir. 2005)(citing *United States v. Washington*, 380 F.3d 236, 241, 242 (6th Cir. 2004)(citing *United States v. Carpenter*, 360 F.3d 591 (6th Cir. 2004)(en banc); *United States v. Van Shutters*, 163 F.3d 331 (6th Cir. 1998); *United States v. Savoca*, 761 F.2d 292 (6th Cir. 1985)).

8

2:06-cr-20325-VAR-VMM   Doc # 44   Filed 02/16/07   Pg 9 of 10   Pg ID 207

alleged drug activity of Defendant to Goldwin Street.

Further, the affidavit requires several inferences to support an objectively reasonable conclusion that Defendant resided on Goldwin and stored information there regarding drug trafficking. *Id.* 302 F.3d at 393-94 (6th Cir. 2002)(stating that inferences can be drawn permissibly in some cases). Even in *Lester*, where the informant alleged that the transfer of drug money would occur at the defendant's property, the Court stated that "guesses of this nature, which involve the execution of a search with no meaningful connection to a showing of probable cause that anyone would find reasonable, cannot satisfy the objective reasonableness required to meet the *Leon* good-faith exception." *Lester*, 184 Fed.Appx. at 494.

The Government argues that an experienced investigator such as Agent Dosch could reasonably believe, based on his experience, that Defendant, an alleged drug dealer, would keep evidence of drug trafficking in his home. *See United States v. Goward*, 188 Fed.Appx. 355 (6th Cir. 2006)(unpublished). A search based on this suspicion seriously compromises the Fourth Amendment because the evidence observed by Agent Dosch and relied upon by the Magistrate does not reasonably indicate that Goldwin Street is, in fact, Defendant's residence. At best, the affidavit indicates that someone driving cars associated with the Defendant visits Goldwin Street. If the Court were to adopt the Government's reasoning, law enforcement would be free to search any home that a suspected defendant visited - - based on unverified allegations that he resided there, or uncorroborated observations of a car allegedly driven by the suspect, parked in the driveway.

"It is commonly held across the Circuits that there must be a sufficient nexus

between drug trafficking, evidence of drug trafficking, and a drug dealer's residence." *Goward*, 188 Fed.Appx. at 359 (citing Wayne R. LaFave, Search and Seizure: A Treatise on Fourth Amendment § 3.7(d)(4th ed. 2004)). This nexus is absent here.

The Court finds that the *Leon* good-faith exceptions do not apply. The evidence seized will be suppressed.

### V.     CONCLUSION

The Court **REJECTS** Judge Morgan's recommendation and **GRANTS** Defendant's Motion to Suppress.

**IT IS ORDERED**.

   /s/ Victoria A. Roberts   
**VICTORIA A. ROBERTS**
**Dated: 2/16/07**                                                  **UNITED STATES DISTRICT COURT**